[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY JUDGMENT AS TO SUPPORT #127 DEFENDANT'S MOTION TO MODIFY ALIMONY #133, PLAINTIFF'S MOTION FOR ATTORNEY'S FEES #132 AND DEFENDANT'S MOTION FOR ATTORNEY'S FEES #131
Many of the facts that give rise to the above motions are not in dispute. The marriage between the parties was dissolved on June 22, 1994. The parties entered into a separation, agreement dated June 22, 1994 that was approved by the court and CT Page 14760 incorporated by reference into the judgement. The agreement provided for the parties to continue to share joint custody of the two minor children in accordance with the following schedule:
 a. The children are with their mother every Monday, Tuesday and Wednesday except for every fourth Monday when the children are with their father.
 b. The children are with their father every Thursday and Sunday except every fourth Sunday when the children are with their mother.
 c. The children spend Friday and Saturday on alternate weekends with each parent.
The agreement also provided as follows regarding alimony and support:
3.1 During the joint lives of the parties, the Husband shall pay to the Wife as alimony the sum of three thousand eight hundred thirty three dollars and thirty-four cents ($3,833.34) per month payable on the first of each month commencing July 1, 1994 until January 1, 2002, if not sooner terminated as hereinafter provided. The Husband's obligation to pay alimony shall sooner terminate upon the death of either party, or the remarriage of the Wife, whichever event shall first occur. These payments shall be non-modifiable downward, except in the event the Husband, due to illness, accident or some other involuntary cause is unable to attend to his usual professional duties or in the event that the Wife moves for an increase in child support. If such disability shall cause a decrease in the Husband's income or if the Wife's modification results in an increase in child support. then in such event. the Husband shall be entitled to seek a modification of his alimony obligation from a court of competent jurisdiction. The court shall at that time consider the totality of the financial circumstances of the parties including the tax consequences of any change in the orders in determining whether and to what extent such a modification should take place. In addition, said payments shall be subject to the provisions of § 46b-86 (b) of the Connecticut General Statutes. (Emphasis provided) As additional periodic alimony, the Husband shall pay to the Wife the CT Page 14761 sum of $28,000 payable within 75 days of the date of this agreement. The Husband shall assume responsibility for and pay when due, any additional tax liability the Wife may incur by reason of this payment. Said alimony payment shall in their entirety be taxable to the Wife and deductible by the Husband and shall be made in cash . . .
 3.2 As and for the support of the minor children, the Husband shall pay to the Wife the sum of $416.66 per month representing $208.33 per child payable on the first of each month. Said amount for support was arrived at in light of the alimony payments, the additional child support obligations assumed by the husband as set forth herein, as well as tax considerations;
 3.3 Commencing on January 1, 2002 or upon the sooner termination of alimony, the Husband shall pay to the Wife, in addition to the payments set forth in paragraph 3.4 herein, child support comparable to the guidelines for child support in effect at the time, taking into account the financial circumstances of the parties, as well as any grounds for deviating from the guidelines as may be appropriate.
 3.4 Each parent shall bear responsibility for the children's expenses when they are with that parent including private lessons, clothing and sports activities and equipment. In addition, the parties shall share equally the costs associated with the minor children's attendance at private school, the cost for the children's religious training, attendance at temple, Michael's Bar Mitzvah and Jessica's Bat Mitzvah, and the cost of summer camp and/or summer programs the children may attend.
3.5 The Wife shall be entitled to claim both children as dependency exemptions for tax purposes. In the event payments are to be made by the Husband to the Wife pursuant to paragraph 3.3, he shall have the right to claim the minor child Jessica and the Wife shall be entitled to claim the minor child Michael as a dependent for income tax purposes for so long as the child Michael is eligible as a dependent under Internal Revenue Regulations. Thereafter the parties shall alternate the CT Page 14762 dependency exemption for Jessica for so long as she is eligible as a dependant under Internal Revenue Regulations. In the event the dependency exemption is not a taxable benefit for either party, the other party shall be entitled to claim the exemption.
At the time of dissolution the plaintiff had gross weekly income of $428.87 and net weekly income of $340.26. The defendant had gross weekly income $2,670.00 and gross weekly income from lectures and conferences of $296.00. His financial affidavit showed that he had net weekly income of $2,002.00. He in fact was over withholding on his taxes. The plaintiff had gross weekly expenses at the time of dissolution shown on her affidavit of $1,221.86. Included in her weekly expenses was a weekly fuel bill of $19.23 that was being paid by the defendant. She also included in schedule A school lunches of $3.00 and school tuition of $273.07 that was also being paid by the defendant.
At the present time the plaintiff has gross weekly income of $568.33. In addition she is receiving a weekly payment of alimony and support that totals $980.77. The current deductions for her combined wages and alimony are $194.00 for Federal Income Tax, $43.45 for Social Security and $53.00 for State Income Tax for combined deductions of $290.45. She has a combined total taxable weekly income of $1,549.10 and a net weekly income of approximately $1,258.00
At the present time the defendant has gross weekly income from his employment of $3,225.00 weekly. In addition he has supplemental income of $38.00 weekly and gross weekly bonus income of $154.00. The correct deductions for Federal Income Tax based on his existing alimony order is approximately $543.00 weekly plus $48.00 weekly for FICA and $117.00 weekly for State Income Tax, for total weekly deductions $708.00 and a net weekly income of approximately $2,709.00.
The court finds that the support order entered at the time of dissolution substantially deviated from the child support guidelines and further finds that there has been a substantial change in circumstances of the parties as a result of the increase in the defendant's net weekly income. The substantial change in circumstances as well as the substantial deviation from the child support guidelines each provides a separate authority of the trial court to modify the existing child support orders to respond to changed economic conditions. The substantial change in CT Page 14763 circumstances allows the court to modify a support order when the financial circumstances of the individual parties have changed, regardless of their prior contemplation of such changes. The combined net income of THE parties at the present time and at the time of dissolution exceeded the maximum combined net weekly income under the guidelines. The child support guidelines for the maximum combined net weekly income of $1,750 shows that the amount of support required to be paid for two children is $480.00 weekly. The court may deviate from the guidelines where there is shared custody such as in this case. Where the income exceeds $1,750.00 the court remains free to fashion appropriate child support awards on a case by case basis, provided that the amount of support prescribed at the $1,750.00 level is presumed to be the minimum that should be awarded in such cases.
In ruling on the plaintiff's motion to modify support and the defendant's motion to modify alimony, this court has considered the totality of the financial circumstances of the parties including the tax consequences of any change in the orders.
The plaintiff seeks counsel fees in the amount of $13,557.50 plus disbursements of $139.40. The defendant seeks counsel fees in the amount of $7,927.50 plus expert witness fees in the amount of $600.00
The court enters the following orders:
1. The plaintiff's motion to modify support is granted and support is increased to $2,400.00 monthly
2. The defendant's motion to modify alimony is granted an alimony is reduced to $1,900.00 per month.
3. Neither order is entered retroactively.
4. The court denies the defendant's motion for counsel fees and motion for expert witness. fees. The court grants the plaintiff's motion for counsel fees and orders that counsel fees be paid to the plaintiff in the amount of $10,000.00 and to be paid by the December 29, 1998.
Sidney Axelrod Judge of the Superior Court CT Page 14764